Davy Lee WATERS; Sannaraha
Waters, Plaintiffs—
Appellants,

v.

Abbie JOSSIE, in her Official Capacity
as Grants Pass Field Manager within
the Galice Creek Mining District, Ore-
gon, Bureau of Land Management; T.
Reuwsaat, in his Official Capacity as
Medford District Manager within the
Galice Creek Mining District, Oregon
Bureau of Land Management; Elaine
Marquis Brong, in her Official Capac-
ity a State Director of the Bureau of
Land Management within the Galice
Creek Mining District, Oregon Bu-
reau of Land Management; Gale A.
Norton, in her Official Capacity as
Secretary, United States Department
of Interior, Administrator of Public
Lands within the Galice Creek Mining
District, State of Oregon, Defen-
dants—Appellees.

No. 04–36082.

D.C. No. CV–03–03073–JPC.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 17, 2005.

Decided Dec. 2, 2005.

Graber, Circuit Judge, filed dissenting
opinion.

James R. Dole, Esq., Schultz, Salisbury
& Cauble, Grants Pass, OR, for Plaintiffs–
Appellants.

Jeffrey K. Handy, Esq., USPO—Office
of the U.S. Attorney, Portland, OR, John
T. Stahr, Esq., Lisa E. Jones, Esq., DOJ—
U.S. Department of Justice, Environment
& Natural Resources Division, Washing-
ton, DC, for Defendants–Appellees.

Before KLEINFELD and GRABER,
Circuit Judges, and MOSKOWITZ,*
District Judge.

GRABER, Circuit Judge, dissenting.

MEMORANDUM **

David Lee and Sannaraha Waters ap-
peal from the district court's entry of sum-

---

* The Honorable Barry Ted Moskowitz, United
States District Judge for the Southern District
of California, sitting by designation.

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

mary judgment in favor of the Appellees, arguing that the Interior Board of Land Appeals ("IBLA") abused its discretion in determining that their mining claim was null and void due to the lack of discovery of a valuable mineral deposit. We vacate the IBLA's decision and remand for further administrative proceedings.

The IBLA erred in applying the 25% overhead surcharge to the labor rate to determine labor costs. The validity of a claim must be "premised on the objective economics surrounding *the proposed mining venture.*" *United States v. Miller,* 138 IBLA 246, 277 (1997) (emphasis added). A proposed mining venture may be a "mom and pop" operation involving no outside employees. *Id. See also United States v. Clouser,* 144 IBLA 110 (1998). If a person of ordinary prudence would be justified in mining the claim without outside help, the claim is supported by a valuable discovery. *See Castle v. Womble,* 19 L.D. 455, 457 (1894). The evaluation of a small claim based on how a "mom and pop" venture would operate does not render the prudent-person test subjective.

At oral argument, counsel for Appellees conceded that it would be appropriate to remand the case for further proceedings before the ALJ if the 25% overhead surcharge was inapplicable. *See United States v. Taylor,* 19 IBLA 9, 24 (1975) (explaining that when a patent applicant overcomes the Government's prima facie case but there is a lack of evidence on an essential issue that raises a reasonable doubt as to the validity of the claim, the IBLA should remand the case for a further hearing). Accordingly, we remand for further proceedings before the ALJ.

At the prior hearing before the ALJ, neither party presented evidence regarding labor overhead costs that might apply to a "mom and pop" operation—e.g., self-employment taxes and insurance. On remand, both sides can present evidence regarding this issue and any other issue bearing upon discovery. The Government must establish a new prima facie case of invalidity. *Taylor,* 19 IBLA at 27. However, the ultimate burden of proving discovery rests upon the mining claimants. *Id.* at 23.

The IBLA's decision that the Waters' claim is null and void is vacated, and this case is remanded for further proceedings before the ALJ.

VACATED AND REMANDED.

GRABER, Circuit Judge.

I respectfully dissent.

We may reverse a decision of the Interior Board of Land Appeals ("IBLA") only if it was arbitrary, capricious, not supported by substantial evidence, or contrary to law. *Hjelvik v. Babbitt,* 198 F.3d 1072, 1074 (9th Cir.1999). With respect to the denial of a request to reconsider, we may reverse only for an abuse of discretion. *ASARCO, Inc. v. Occupational Safety & Health Admin.,* 746 F.2d 483, 501 (9th Cir.1984). In my view, those standards are not met here.

As to the initial decision, the 25% labor overhead figure rested on evidence from the BLM's mineral expert. The IBLA permissibly held that the government had made its prima facie case and that the Waterses had failed to rebut it. *Lara v. Sec'y of the Interior of the United States,* 820 F.2d 1535, 1542 (9th Cir.1987). As to the decision on reconsideration, the IBLA permissibly concluded that the Waterses had not demonstrated that the initial decision was wrong.